ELIZABETH R. COLLINS, Appellant, v. ROLLA WELLS, Receiver of UNITED RAILWAYS COMPANY OF ST. LOUIS.—30 S. W. (2d) 28.

Division Two, July 3, 1930.

*Charles E. Morrow* and *N. Murry Edwards* for appellant.

*T. E. Francis* and *Woodward & Evans* for respondent.

WHITE, J.—The plaintiff sued for injuries alleged to have been received while alighting from one of defendant's cars at the intersection of Bellefontaine Street and Grand Boulevard. The allegations of the petition are:

". . . that when said street car arrived at the intersection of Grand Boulevard in this city the same was stopped at the regular and customary stopping place for letting off and taking on passengers; that while said street car was standing at said stopping place plaintiff attempted to alight therefrom through the front door; that while plaintiff was alighting and making her exit from said street car the defendant, his agents, servants and employees in charge of and operating said street car negligently caused, suffered and permitted said street car to move and to be put in motion, which caused plaintiff to be thrown and to fall to the street, whereby she sustained serious and permanent injuries, as hereinafter set forth."

The petition assigns four acts of negligence which appellant in her brief summarizes as follows:

"While there are four assignments of negligence in plaintiff's petition, they all go to one matter, that is, that the street car was negligently suffered and permitted to move and to be put in motion while plaintiff was in the act of alighting therefrom, and in fact are but one assignment of negligence stated in different ways."

The jury returned a verdict for the defendant and the plaintiff appealed. She complains of certain instructions given by the court which she charges are erroneous.

I. Instructions 3 and 4 are as follows:

"3. The court instructs the jury that if you find and believe from the evidence that the car in question was not started forward into motion while the plaintiff was in the act of alighting, then plaintiff cannot recover, and your verdict must be for the defendant.

"4. The court instructs the jury that if you find

and believe from the evidence that the plaintiff was caused to fall from the car in question in any other way than by the car being started forward into motion, while plaintiff was in the act of alighting therefrom, then plaintiff cannot recover, and your verdict must be for the defendant.''

These instructions confine the right of recovery to the negligent starting *forward* of the car while the plaintiff was in the act of alighting. She argues that *any* motion of the car which caused her to fall was within the issues. It may be conceded that any motion negligently caused by the operations of the car was within the allegations of the petition, but the only evidence on the subject by the plaintiff was that the motion of the car was a forward motion. She testified as follows:

''I was going to step out this way when the car went that way. I was pitched on the back of my head and shoulders and with the impact with the granite blocks, my hand must have come this way and fractured three ribs.

''Q. Now you say that the car started to move; in which direction did it move? A. It turned to Grand, you see, and I was thrown backwards.

''Q. Did it start to go backward, or sideways, or forward, or how? A. It started forward that way. I didn't know anything more, for I was knocked unconscious.

''Q. And the car at that time was stopped? A. Yes, sir.

''Q. It was standing still then? A. Yes, sir.

''Q. Now, how close were you to the people getting off ahead of you? A. I was behind them waiting for them to get down. When I stepped down, then the man rang the bell and the car moved.

''Q. Then you were getting ready to step onto the street? A. Yes, sir, out into the street.

''Q. To step out into the street? A. Yes, sir.

''Q. And I understand you to tell the jury at that time you were bringing down your right foot to where your left was and you say the car started? A. Someone rang the bell, and the motorman started the car, and when it did it just flung me that way.

''Q. As you brought your right foot down to put it onto the step the bell was rung? A. Yes, sir.

''Q. Do you know how many times the bell rung? A. No sir, I only heard the bell ring once.

''Q. You heard the bell ring once? A. Once, yes sir.

''Q. And when you heard this bell ring, you say the motorman or someone started the car? A. The motorman started the car.

''Q. Did you see him start it? A. Yes, he put his hand on that controller that he turns the brake with.''

On being recalled for further cross-examination the plaintiff testified:

"Q. Did the car move when you were taking your step into the street or did the car move when you were bringing your right foot down to the left foot? A. In bringing the right foot down to the step where the left foot was.

"Q. And that was when the car moved? A. Yes.

"Q. And which way did it move; did it go forward or backward? A. Forward.

"Q. It went forward? A. Yes sir. . . .

"Q. As a matter of fact that car didn't move while you were getting off of it? A. The car moved; the car jolted towards Grand Avenue.

"Q. Jolted forward? A. Yes sir. . . .

"Q. But it was at that time when you were bringing your right foot to the step that you say the car jolted? A. The jolt came and pitched me to the street onto the granitoid blocks.

"Q. Now, you say you were thrown backwards. A. I was pitched backward. When the car went forward I was thrown backwards.

"Q. You were thrown backwards when the car went forward? A. Yes sir."

Thus the plaintiff's evidence is all to the effect that the car moved forward, and she nowhere says it moved in any other direction. Nor is there any other evidence offered by the plaintiff to show that it moved in any other direction.

Appellant cites some cases which hold that where evidence is introduced slightly varying from the allegations of the petition and it goes in without objection an issue may be submitted to the jury upon such evidence. But those cases are not important here. The only evidence offered by the plaintiff regarding negligence was that the car moved forward and the instructions complained of required proof of that sort of motion. Plainly the petition means a forward motion where it charged that before the plaintiff had time to alight the servants of the defendant caused the car to start. The natural inference would be that it was caused to start on its journey. There is nothing in the petition to apprise the defendant that it made any other kind of motion.

The case of Benjamin v. Railways Company, 245 Mo. 598, is cited. There a judgment for the defendant was reversed because the trial court instructed:

". . . if you find and believe from the evidence that the plaintiff got upon the car while the same was standing still, and that the car was not started until after the plaintiff got upon the platform of said car, then your verdict will be for the defendant."

The instruction was held to be erroneous because the duty of the defendant was to use care to prevent injury to plaintiff, not only until she got upon the platform, but until she was safely within

the car. The court calls attention to the fact that the woman was fifty-seven years of age and very heavy and that the starting of the car in such way as to cause her to fall while she was making her way to a seat was not the exercise of due care.

Such is not the issue here. The only negligence mentioned by plaintiff here is starting the car forward while the plaintiff was attempting to alight.

II. Appellant further complains that such instructions are in conflict with instruction one given on behalf of the plaintiff. That instruction authorizes a verdict for the plaintiff if the "defendant's servants in charge of said car negligently caused or suffered it to move or be put in motion while the plaintiff was in the act of alighting therefrom, and before she had reasonable time to get off." There is no contradiction between that instruction and Instructions 3 and 4 complained of. The latter simply define the kind of motion that constituted the negligence which authorized a recovery and are in strict accord with the evidence.

III. There is further complaint of Instruction 5 given on behalf of defendant, as follows:

"The court instructs the jury that, even though you find and believe from the evidence that the plaintiff was caused to fall from the street car mentioned in the evidence, by reason of the car moving upon the springs, due to the fact that passengers were moving about on said car, alighting from and boarding same, yet you are further instructed that any movement of the street car upon its springs is not charged in this case as a negligent act and will not be considered by you as negligence on the part of the defendant in arriving at your verdict in this case."

The defendant introduced a witness, George Gocker, a passenger who testified that it was down grade to the east, the direction the car was going. He said there was a little movement, and then these questions were asked and answered by him:

"Q. And it was down a grade to the east? A. Yes, sir.

"Q. And this car was moving like that, and slipping down to the east, slipping down forward downgrade? A. The springs were moving, but it was standing still.

"Q. It was moving? A. It didn't move at all; the only thing the body of the car moved, the springs. When anything is on springs the springs move.

"Q. Now, you noticed that when the first passenger went to step off, you noticed that movement? A. Yes, sir.

"Q. And it continued to do that as they were getting off? A. Yes, sir; certainly.

"Q. And it kept on until the time the plaintiff fell; it was moving like that? . . .

"Q. This movement; I want to get this movement right. Was that an up-and-down movement of the springs? A. That is just the springs moving, the car wasn't moving proper, but the springs moved the body of the car.

"Q. Not more than in any car; the springs move a little bit when people step down on the step? A. Yes, sir.

"Q. Was it a forward movement of the street car or up and down of the springs? A. Like it is with a spring where people is walking.

"Q. That is, an up-and-down movement? A. Yes, sir."

Another witness, Edward Taschner, testified:

"Q. You have ridden on street cars? A. Yes, sir; on street cars and locomotives. Anything that has a spring on wheels will cause a spring to and fro, even an automobile; there is a balance there: the weight or the balance of their bodies on the step would cause any vehicle or locomotive, passenger car or automobile to swing to that side, and when the weight is off, the balance of the car—when the weight is off, will bring it back to its natural position and cause it to swing to and fro. . . ."

Alfred Fear, another passenger, testified as follows:

"Q. When you saw her step and lose her balance from the step, I will ask you to tell the jury did this car start up? A. No sir.

"Q. And the car was standing still at the time she lost her balance and fell off? A. Yes, sir. . . .

"Q. Was this car making any side movement? A. How do you mean, any side movements?

"Q. Well, was it swaying any? A. No, not more than any car will sway. When anyone gets off a car, anybody will get a little vibration but it isn't swinging.

"Q. Well, did it sway at all? A. Not that I remember, but most of them do."

Plaintiff did not offer this evidence. Therefore it was not offered for the purpose of showing a negligent movement of the car not particularized in the petition. It was offered by the *defendant* for the purpose of showing that if there was any motion of the car it was not the forward motion which the plaintiff claimed caused her to fall. There was no allegation in the petition of a defective appliance which would permit an unusual motion of the car, nor any allegations that the defendant was negligent in permitting the passengers to get off in a way to cause such motion. The purport of this evidence was that the motion was of such slight character that it could hardly have caused her to fall. Therefore, Instruc-

tion 5 was entirely proper because it is predicated upon a motion which was not charged to the negligence of the defendant and for which the defendant could not be held negligent even if so charged. We find no error in the record and the judgment is affirmed. All concur.